Electronically Filed 12/1/2022 5:13 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Ronda Grier, Deputy
Envelope ID: 70629067

006-03079-2022

CAUSE NO. _____

| | | |
|---|---|---|
| **KESHA MARIE TUCKER,** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | **AT LAW NO. _____** |
| **VS.** | § | |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **KESHA MARIE TUCKER**, hereinafter referred to as "Plaintiff" and files this Original Petition complaining of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, hereinafter referred to as "Defendant Allstate," and states the following:

### A. Discovery Control Plan

1.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

### B. Parties

2.      Plaintiff KESHA MARIE TUCKER is a resident and citizen of Collin County, residing at 7201 Custer #2201, McKinney, TX 75070.  The last three digits of Plaintiff's driver's license number are xxx391 and the last three digits of her social security number are xxx169.

3.      Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY is a duly incorporated insurance company, authorized to do business in, and is doing business, throughout the State of Texas, with its principal place of business at 8711 N. Freeport Parkway, Irving, Texas 75063, and may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Tex. Ins. Code §804.101 (b)(l).

## C. Jurisdiction

4.     The court has jurisdiction over this cause because the amount in controversy exceeds this court's minimum jurisdictional requirements.

## D. Venue

5     Venue is proper in Collin County, Texas pursuant to §15.002(a)(2), Texas Civil Practices and Remedies Code, because all or a substantial part of the events leading to this cause occurred in Collin County, Texas.

## E. Facts

6.     On March 20 2022, at approximately 1:45 p.m., Plaintiff KESHA MARIE TUCKER, was properly belted while driving her 2019 Hyundai Tucson was southbound on Custer Road, in Plano, Texas.

7.     At the same time, underinsured driver SHARON ANN COLEMAN was driving a 2022 Audi Q3 directly behind Plaintiff's vehicle traveling in the same direction. Underinsured driver SHARON ANN COLEMAN failed to slow and/or stop, failed to control her speed, and failed to maintain an assured clear distance between the two vehicles. Underinsured driver SHARON ANN COLEMAN struck the rear of Plaintiff KESHA MARIE TUCKER's vehicle pushing her vehicle into the vehicle in front of her.

8.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY issued an insurance policy that provided coverage to Plaintiff for all damages incurred in a motor vehicle collision wherein damages are sustained in an amount in excess of the negligent party's liability insurance coverage (hereinafter referred to as "The Insurance Policy"), which was in full force and effect on May 20, 2022.

9.     The Crash was proximately caused by the negligence and negligence *per se* of the underinsured driver. The underinsured driver is underinsured as defined through Plaintiff's Insurance Policy with Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.

10.    As a direct result of the subject crash, Plaintiff's significant injuries and damages were suffered significant injuries and damages, which were proximately caused by underinsured driver SHARON ANN COLEMAN.

11.    To date, despite the nature of Plaintiff's injuries, Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY has failed to make any reasonable offers after presentment of the claim.

## F. Causes of Action against Defendant Allstate

12.    Based on the foregoing facts and pursuant to the policies of insurance in force and effect between Plaintiff and Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY at the time of the Crash, Plaintiff seeks declaration construing the contract of insurance and declaring Plaintiffs' rights to underinsured/uninsured motorist coverage, specifically, that Plaintiff is entitled to underinsured/uninsured benefits from the Crash.

## Unfair Claim Settlement Practices

13.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under their article are made actionable by TEX. INS. CODE §541.151.

14.    Defendant Allstate's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541. 060(a) (2) (A).

15.    The unfair settlement practice of Defendant Allstate of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claims, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

16.     Defendant Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to the Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

17.     Defendant Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060 (a) (7).

## The Prompt Payment of Claims

18.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS. CODE §542.060.

19.     Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from the Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt  payment of claims and a violation of TEX.INS. CODE   §542.055.

20.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX.INS. CODE §542.056.

21.     Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX.INS. CODE §542.058.

## Breach of Contract

22.     Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

23.     Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and the Plaintiff.

24.     Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

## Breach of the Duty of Good Faith and Fair Dealing

25.     Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

26.     Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of duty of good faith and fair dealing.

## Violations of the Texas Deceptive Trade Practices Act

27.     Defendant is liable because their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant violated the DTPA in one or more of the following aspects:

> a.     Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

b.    Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE§ 17.46(b)(7);

c.    Representing that an agreement confers rights or involves rights, remedies or obligations that does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

d.    Failing to disclose information about the goods or services that was known at the time of the transaction, when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE§ 17.46(b)(23);

e.    Acting in an unconscionable manner that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE§ 17.50(a)(3).

28.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

29.    Defendant acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing.  Therefore, Defendant is liable for exemplary damages.

30.    Additionally, Plaintiff is also entitled to the twelve percent (12%) penalty allowed by TEXAS. INS. CODE CHAPTER 542 based on Defendant's refusal to pay the claim.

31.     Defendant's acts have been producing and proximate causes of damages to Plaintiff within the jurisdictional limits of this Court.

## G. Damages

32.     As a result of the above described acts of Defendant, Plaintiff has been severely and permanently damaged.   Accordingly, Plaintiff is entitled to recover against Defendant for all such applicable damages under Texas law.

33.     Plaintiff is entitled to recover the following items of damages, which are in an amount in excess of the minimal jurisdictional limits of this Court.

(a)     **Past and future medical expenses:**  Plaintiff has paid and/or incurred reasonable and necessary health care and medical expenses that were caused by the incident in the past and will, in reasonable probability, sustain the same in the future.

(b)     **Past and future physical pain:**  Plaintiff has sustained physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future.

(c)     **Past and future mental anguish:**  Plaintiff has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future.

(d)     **Past and future physical impairment/loss of enjoyment of life:**   Plaintiff sustained physical impairment/loss of enjoyment of life in the past and, in reasonable probability, will continue to sustain physical impairment/loss of enjoyment of life in the future.

(e)     **Past and future lost wages/loss of earning capacity:**  Plaintiff has suffered a loss of earnings and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future.

(f)    **<u>Past and future loss of family consortium</u>**: Because of the serious, permanent, and disabling physical injuries to Plaintiff KESHA MARIE TUCKER, Plaintiff suffered damage to the mutual right of the mother and children to that affection, solace, comfort, companionship, society, assistance, emotional support, love, and felicity necessary to a successful family. Accordingly, Plaintiff will have sustained loss of family consortium in the past and, in reasonable probability, will sustain loss of family consortium in the future.

(g)    **<u>Attorney Fees</u>**: Because of the conduct of Defendant, Plaintiff has been forced to engage the services of any attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court. An award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

<u>**Rule 47 Statement Of Monetary Relief Sought**</u>

34.    Plaintiff prefers to have the trier of fact determine the fair amount of compensation for Plaintiff's damages, and it is too early in the case to assess the full nature and scope of Plaintiff's injuries and damages. Plaintiff places the decision regarding the amount of compensation to be awarded in the trier of fact's hands and seeks damages that are fair and reasonable. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, because the trier of fact should be awarded absolute discretion over the damages and should not be required to keep its award within any caps, Plaintiff states that if the trier of fact believes the evidence supports it, Plaintiff seeks monetary relief in the category of damages – monetary relief up to $250,000.00, the jurisdictional limits of the Court –in an amount to be determined by the trier of fact

that could be more or less than the categories the legislature decided a party must choose. Additionally, Plaintiff seeks attorney fees under Chapter 37.

## H. Jury Demand

35.    Plaintiff requests that this case be tried to a jury and have tendered the appropriate jury fee with the filing of this Petition.

## I. Prayer

36.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment of the Court awarding the following, all in amounts in excess of the jurisdictional minimums of this Court:

      a.    Actual damages;

      b.    Pre- and Post-Judgment interest;

      c.    Reasonable and necessary attorney fees;

      d.    Costs of suit; and

      e.    All other relief to which Plaintiff may show themself entitled.

## DESIGNATED E-SERVICE E-MAIL ADDRESS

The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: legal@mytexasfirm.com. This is the undersigned's only e-service e-mail address, and service through any other e-mail address will be considered invalid.

Respectfully submitted,

**JASON K. BURRESS**
State Bar No. 24036292
**KYLE H. DREYER**
State Bar No. 06119500
**KYLE R. HEJL**
State Bar No. 24035578
**BRIAN L. MINCHER**
State Bar No. 24052669
**GRIFFIN J. SCHEUMACK**
State Bar No. 24097168
**BURRESS LAW, PLLC**
6617 Virginia Parkway
McKinney, Texas 75071
Tel: (214) 726-0016
Fax: (214) 865-7336
***E-Service E-mail:** legal@mytexasfirm.com
***E-Service is only accepted at the above
designated e-service e-mail address**

**ATTORNEYS FOR PLAINTIFF**

**THE STATE OF TEXAS**
**COUNTY OF COLLIN**

<u>**CITATION**</u>
**006-03079-2022**

**TO:    ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**
**BY SERVING IT'S REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

**GREETINGS:** You are commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** on or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the Honorable Jay Bender in the County Court At Law 6, of Collin County at the Courthouse in McKinney, Texas.

Said **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** was filed December 01, 2022, a copy of said document accompanies this citation.

**REQUESTED BY:**    Jason K Burress
Burress Law PLLC
6617 Virginia Parkway
McKinney TX 75071

The file number of said suit being:  **006-03079-2022.**
The style of the case is:

**KESHA MARIE TUCKER VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Collin County, McKinney, Texas, on this the 5th day of December, 2022.

**ATTEST: STACEY KEMP, COUNTY CLERK**
Collin County, Texas
2100 Bloomdale Road, Suite 12165
McKinney, Texas 75071
972-548-6423, METRO 972-424-1460 EXT. 6423

Signed: 12/5/2022 8:06:40 AM

Issued By: _Danyelle Turner_ ,Deputy
Danyelle Turner

**THE STATE OF TEXAS**
**COUNTY OF COLLIN**

# Officer's Return
### STACEY KEMP, COUNTY CLERK

**-CITATION-**
**006-03079-2022**
**KESHA MARIE TUCKER VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

Came to hand on the _____ day of _____, 20\_\_\_, _____o'clock \_\_\_.m., and executed in _____ County, Texas, by delivering to within Respondent, to Wit:
Name:_____
At_____ o'clock \_\_\_\_.m., on _____days of _____, 20\_\_\_\_.
Address:_____

Each in person, a true copy of this citation with a true and correct copy of the petition attached thereto having first endorsed on such copy of said citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

> For Serving this citation………………………………..$_____
> For Mileage…………………………………………….$_____
> TOTAL FEES…………………………………………..$_____

To certify which witness my hand officially
Sheriff_____
Of_____ County, Texas
By_____ Deputy, Authorized Person

Before me, the undersigned authority, personally appeared _____ who on oath said:
        "I affirm that I am the person serving process in this case and that the contents of the foregoing are true and correct."

_____
                                                                                             Affiant
Sworn to and signed before me, the undersigned authority, this _____ day of _____, 20\_\_\_\_.
Seal

_____
                                                            Notary Public or Other Officer

Electronically Served
12/5/2022 8:13 AM

Electronically Filed 12/6/2022 4:14 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Angie Fortner, Deputy
Envelope ID: 70756419

**THE STATE OF TEXAS**
**COUNTY OF COLLIN**

## CITATION
### 006-03079-2022

**TO:    ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**
**BY SERVING IT'S REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

**GREETINGS:**  You are commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** on or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the Honorable Jay Bender in the County Court At Law 6, of Collin County at the Courthouse in McKinney, Texas.

Said **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** was filed December 01, 2022, a copy of said document accompanies this citation.

**REQUESTED BY:**    Jason K Burress
Burress Law PLLC
6617 Virginia Parkway
McKinney TX 75071

The file number of said suit being: **006-03079-2022.**
The style of the case is:

**KESHA MARIE TUCKER VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Collin County, McKinney, Texas, on this the 5th day of December, 2022.

**ATTEST: STACEY KEMP, COUNTY CLERK**
Collin County, Texas
2100 Bloomdale Road, Suite 12165
McKinney, Texas 75071
972-548-6423, METRO 972-424-1460 EXT. 6423
Signed: 12/5/2022 8:06:40 AM

Issued By: _Danyelle Turner_                    ,Deputy
                 Danyelle Turner

Electronically Served
12/5/2022 9:13 AM

THE STATE OF TEXAS
COUNTY OF COLLIN

# Officer's Return
### STACEY KEMP, COUNTY CLERK

-CITATION-
006-03079-2022
## KESHA MARIE TUCKER VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

Came to hand on the __5th__ day of __December__, 20_22_, __1:00__ o'clock __p__.m., and executed in __Dallas__ County, Texas, by delivering to within Respondent, to Wit: Name: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY by delivering to its Registered Agent CT Corporation System by and through its designated agent Kirk Atkins
At __11:38__ o'clock __A__.m., on __6th__ days of __December__, 20_22_.
Address: __1999 Bryan Street, Suite 900, Dallas, Texas 75201__

Each in person, a true copy of this citation with a true and correct copy of the petition attached thereto having first endorsed on such copy of said citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

    For Serving this citation......................................$_____
    For Mileage...................................................$_____
    TOTAL FEES................................................$_____

To certify which witness my hand officially
XXXXX   Danny L. Russell PSC#1078 Exp. 8-31-23
Of _____ __Collin__ County, Texas
By _Danny L. Russell_ XXXX Authorized Person

Before me, the undersigned authority, personally appeared __Danny L. Russell__ who on oath said: "I affirm that I am the person serving process in this case and that the contents of the foregoing are true and correct."

_Danny L. Russell_
Affiant

Sworn to and signed before me, the undersigned authority, this __6th__ day of __December__, 20_22_.
Seal
_____
Notary Public or Other Officer



ALESSANDRA RUSSELL
Notary Public, State of Texas
Comm. Expires 09-17-2025
Notary ID 128047665